UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X          20-CV-3018 (NGG)(PK)

KAREEM BACCHUS,
                        Plaintiff,          FIRST AMENDED
                                        COMPLAINT
     -against-          AND DEMAND FOR
                                        A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICERS
MICHAEL HAWK, PAUL PADILLA,
AND DESIREE MEDINA,
EACH SUED INDIVIDUALLY AND
IN THEIR OFFICIAL CAPACITY,

                            Defendants.

-------------------------------------------------------X

     1.   This is an action for compensatory and punitive damages for violation of Plaintiff's

civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the

United States and for unlawful imprisonment, harassment, intentional infliction of emotional

distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and

assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

     2.  This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28

U.S.C. § 1343.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide

claims arising under state law pursuant to 28 U.S.C. § 1367.  Venue is proper in this district

under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

     3.  Plaintiff Kareem Bacchus is a resident of New York City, Kings County, State of New

York.

     4.  At all times hereinafter mentioned, the Defendant New York City Police officers were

employees of the defendants and was acting within the scope and authority of their employment. They are sued individually and in their official capacities as New York City Police Officers.

5.  At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6.  That upon information and belief NYPD was responsible for the training of its officers.

7.  That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8.  That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.


## FACTS

9.  On or about April 21, 2019, at approximately 2:00 P.M., Plaintiff, upon his way to his job was unjustifiably stopped, seized and assaulted by the Defendant police officers in the vicinity of the Bay View Housing Complex in Brooklyn, New York.

10. Moments earlier at that location, plaintiff had interacted with a suspicious man who plaintiff believed was trying to break into a parked car.

11.     Plaintiff called 911 to report this suspicious behavior.

12.     While waiting for the police to arrive another man confronted plaintiff about his calling of the police on the other man and the man assaulted plaintiff.

13.     Plaintiff ran away and was chased by this man.

14.     As plaintiff was entering a McDonalds located at Seaview and Rockaway Avenue, without warning, the police officers used excessive force in taking plaintiff to the ground, and roughly put him in handcuffs and pointed guns in his face.

15.     After a few minutes the police released plaintiff but refused his request to take him to a hospital for his injuries.

16.     Instead, they issued him a summons for possession of marijuana, handed the marijuana back to him, and said "Happy 4/20."

17.     Later that night plaintiff went to Brookdale Hospital and was diagnosed with an injury to his right knee. The doctors provided him with a knew brace and a cane that night.

18.      As a result of this assault and battery, and violation of his civil rights, Plaintiff suffered various physical and psychological injuries.

19.  Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent  officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to use unlawful physical force, unlawful seizures, use excessive force, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

20.  Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been  reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

21.  Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

<u>CONDITIONS PRECEDENT</u>

22.  On June 25, 2019, a Notice of Claim was served upon the Defendant New York City, setting forth :

1.     The name and post office address of the Claimant and his attorney;

2.     The nature of the claim;

3.  The time when, the place where, and the manner in which the claim arose;

4.  The items of damages and injuries sustained so far as practicable.

23.  The Notice of Claim was served upon the Defendants within 90 days after Plaintiffs' several causes of action accrued.

24.  More than thirty days have elapsed since the Notices of Claims were served upon the City of New York.

25.  New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

26.  On April 27, 2020, the Plaintiff submitted to an inquiry concerning the justness of his claims as provided by § 50-H of the General Municipal Law.

27.  This action has been commenced within one year and 90 days after Plaintiff's various cause of action have accrued.

28.     Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action.

## FIRST CAUSE OF ACTION FOR EXCESSIVE FORCE
### (42 U.S.C. §1983)

29.     Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

30.     As a result of their actions, Defendants, acting under "Color of law", deprived Plaintiff of his right to freedom from the use of excessive force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

31.  Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiff's rights would be violated by his actions.

32.     These Defendant officers either actively participated in the excessive force or were present and improperly failed to intervene to prevent other officers from using excessive force although they were in a position to do so.

33.  As a result of the aforesaid occurrence, Plaintiff suffered the damages and injuries aforesaid.  All Defendants are liable for said damage and injuries.

**AS AND FOR A SECOND CAUSE OF ACTION FOR 'MONELL VIOLATION"**

34.  Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

35.  Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36.  As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

**THIRD CAUSE OF ACTION FOR**
**VIOLATION OF STATE LAW: ASSAULT AND BATTERY**

37.  Plaintiff reiterates and realleges the facts stated in paragraphs 1-36 as if stated fully herein.

38.   At the said time and place, Plaintiff, without any just cause or provocation was assaulted and intentionally injured by Defendants, acting within the scope of their employment, "under color of law", and on behalf of their employer, N.Y.P.D., and the Defendant City.

39.  By reason of said assault and battery, including an unlawful strip-search at the

precinct, Plaintiff sustained serious, severe and permanent personal injuries as aforesaid for which all Defendants are liable.

40.  The aforesaid incident and resulting injuries to Plaintiff was caused without any fault of Plaintiff contributing thereto.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, plaintiff prays that this Court:

1.  Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2.  Enter a judgment, jointly and severally, against defendants Holder and "John Doe" for compensatory damages in the amount of One Million ($1,000,000.00) Dollars; and,

3.  Enter a judgment, jointly and severally against Defendants Holder and "John Doe" for punitive damages in the amount of Three Million ($3,000,000.00) Dollars; and,

4.  Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands a trial by jury.


Dated:  New York, New York
         February 4, 2021

                         **RESPECTFULLY,**

                              **/s/**


                         **STEVEN A. HOFFNER, ESQ.**
                         Attorney for the Plaintiff
                         325 Broadway, Suite 505
                         New York, New York 10007
                         (212) 941-8330
                         (SH-0585)

<u>VERIFICATION</u>

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
           February 4, 2021

_____/s/_____
STEVEN A. HOFFNER, Esq.
(SH-0585)